**John R. WILLINGHAM, Plaintiff-Appellant,**

v.

**KNEELAND INDUSTRIES, INC., Star Cutter Company, Star Cut Sales, Inc., Norman B. Lawton, and Ford Motor Company, Defendants-Appellees.**

**No. 18763.**

United States Court of Appeals
Sixth Circuit.

Sept. 19, 1969.

William T. Sevald, Royal Oak, Mich., for appellant.

William G. Lambrecht, Detroit, Mich., for appellees Kneeland Industries, Star Cutter Co., Star Cut Sales and Norman B. Lawton; Miller, Canfield, Paddock & Stone, Gilbert E. Gove, Detroit, Mich., on brief.

George N. Hibben, Chicago, Ill., for appellee Ford Motor Co.; Arlie O. Boswell, Jr., Hibben, Noyes & Bicknell, Chicago, Ill., John R. Faulkner, Office of the Gen. Counsel, Ford Motor Co., Dearborn, Mich., on brief.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of an action alleging patent infringement, unfair competition, fraud and other wrongs concerning assignments and contracts relating to certain drilling and reaming patents.

The original complaint consisted of fifty-one pages with numerous evidentiary exhibits. All defendants filed motions to dismiss, contending that the complaint showed lack of sufficient title in plaintiff to the drill and reamer patents in suit. The motion to dismiss also was grounded upon asserted failure to comply with Rules 8 and 12, Fed.R.Civ.P.

---

4. *Cf.* Rule 52(a), F.R.Crim.P.; See United States v. Kravitz, 281 F.2d 581 (3rd Cir. 1960); Jenkins v. United States, 251 F.2d 51 (5th Cir. 1968).

The District Court sustained the motion to dismiss, but allowed plaintiff to file a substitute or amended complaint within thirty days. Plaintiff complied and filed a substitute complaint within the period specified. Again all the defendants filed motions to dismiss and again the District Court sustained the motions on the ground that the suit was "more a suit to enforce and/or set aside contracts than it is a suit for patent infringement." The Court acknowledged that there was a close question as to whether jurisdiction was in the federal court or the state courts of Michigan.

Plaintiff thereafter filed a petition for reconsideration and for leave to file a revised substitute complaint which was tendered with the petition. In this proceeding the plaintiff agreed to strike all state causes of action pertaining to enforcing or setting aside contracts relative to the defendants. The District Court denied the petition to reconsider and refused to grant leave to file the tendered pleading. On appeal numerous questions are raised, including the contention that the District Court abused its discretion in refusing to permit the filing of the tendered revised substitute complaint.

This Court has examined the revised substitute complaint tendered by plaintiff and finds that it does not contain those infirmities that were present and complained of in the original complaint and the substitute complaint. Unfortunately the District Judge did not give his reasons for denying leave to file the revised substitute complaint. We conclude that the District Court abused its discretion in refusing to grant leave for the filing of this pleading.

The judgment of the District Court is vacated and the case is remanded to the District Court with instructions to grant leave for the filing by plaintiff of the revised substitute complaint and for further proceedings.

Certain motions filed in this Court have been assigned to this panel for disposition. All motions filed in this Court in this case which have not been previously disposed of are overruled.