John W. GRIGGS, Plaintiff-Appellant,

v.

HINDS JUNIOR COLLEGE et al.,
Defendants-Appellees.

No. 76–1477.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1977.

John L. Walker, Jackson, Miss., for plaintiff-appellant.

L. A. Smith, III, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., W. Scott Welch, III, James L. Martin, Jackson, Miss., for Hinds Junior College, et al.

Giles W. Bryant, Spec. Asst. Atty. Gen., Jackson, Miss., for Garvin H. Johnston.

A. F. Summer, Atty. Gen., Jackson, Miss., for defendants-appellees.

Before COLEMAN, SIMPSON, and TJOFLAT, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's dismissal of a civil rights action claiming employment discrimination on the basis of race. The appellant, plaintiff below, contends that the district court erred in dismissing his complaint under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim for relief, without granting him leave to amend. We find that the district court abused its discretion in failing to grant the amendment and we reverse.

After commencing suit against Hinds Junior College and Manpower Development and Training Program of Hinds Junior College, the appellant amended his complaint to add as parties defendant the Superintendent of the Department of Education of the State of Mississippi and the Secretary of Health, Education and Welfare. Several of the defendants moved to dismiss the amended complaint for failure to state a claim, and their motion was granted. Appellant subsequently moved for a reconsideration of the order of dismissal and for leave to amend and supplement the complaint pursuant to Rule 15(a), Fed.R.Civ.P. No contention was made in the district court, or before us, that the motion for leave to amend was untimely. Nonetheless, the district court denied appellant's application for leave to amend, refused to reconsider the previous order of dismissal, and dismissed the amended complaint as to the remaining defendants.

The Federal Rules of Civil Procedure provide that "leave [to amend the

180

complaint] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a), *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961). Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim. *Willingham v. Kneeland Industries, Inc.*, 415 F.2d 755 (6th Cir. 1969). As in the *Lone Star Motor Import* and *Willingham* cases, the district court gave no reasons for denying the appellant's timely motion. Furthermore, there is no indication in this record that the defendants would have been unduly prejudiced if leave had been granted. We think the refusal to grant leave was not a valid exercise of the district court's discretion; rather, it was "merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Accordingly, the order appealed from is reversed. The case is remanded and the district court is directed to file the supplement to complaint (annexed to appellant's motion to amend) and to resume litigation of the proceedings. In ordering that the appellant may proceed on his amended complaint as amended by the supplement to complaint, we do not intimate any view on the substantive merits of his claim, with this caveat: we have concluded from the allegations appellant has made in the record before us that he has not stated a claim, under any theory, against the Mississippi Superintendent of Education and the Secretary of Health, Education and Welfare. As to those parties, the district court on remand is directed to enter final judgment in their favor.

REVERSED AND REMANDED WITH INSTRUCTIONS.