This is an appeal by the Morrises from a summary judgment rendered against them and from an order denying their post-trial motion to set aside that summary judgment.
The present action is an outgrowth of earlier litigation, commenced in 1946, in which the Fullers sought injunctive relief against the Morrises. An injunction was issued on March 20, 1946. On October 29, 1966, more than twenty years later, this injunction was dissolved. Thereafter the Morrises brought this present action to recover damages, alleging a wrongful interruption of their business and trespass to their property, all arising out of the wrongful procurement and issuance of the injunction in the earlier action.
In view of the reasons on which we have based our decision to dismiss the appeal, it will be relevant to set out the course of the pleadings which were filed in the instant case.
The summons and complaint were filed on July 18, 1967. That complaint was demurred to on August 17, 1967. Then the *Page 372 
plaintiffs filed an amended complaint on November 22, 1968. This was followed on March 23, 1971 by the filing of a motion to strike one of the defendants, and later, on July 12, 1974, by the filing of a motion to dismiss by the defendants. On December 15, 1975 the defendants moved for summary judgment, supporting their motion with extensive documentary and other evidence. Then, on April 12, 1976 the plaintiffs filed a second amended complaint, to which the defendants filed a motion to dismiss on May 13, 1976. This was followed by the filing by the defendants on December 28, 1976 of another motion for summary judgment. The plaintiffs then filed on January 4, 1977 their answer to the defendants second motion for summary judgment. In granting the defendants' motion for summary judgment on May 12, 1977, the trial court's order included the following findings:
 The Complaint filed by the Plaintiffs against the Defendants in this case seeks to recover substantial damages from the Defendants for maliciously and without probable cause obtaining an injunction enjoining the Plaintiffs from operating a sawmill on Division `A' Fractional Section 25, Township 4 South, Range 1 East in Baldwin County, Alabama (herein for convenience called Division A). The Bill for Injunction filed by the Defendants against the Plaintiffs in March of 1946, made no reference whatever to Division A and the Writ of Injunction issued on March 20, 1946, by the Circuit Court of Baldwin County, In Equity, referred only to the lands described in the Bill of Complaint which did not include Division A. An ejectment suit filed by the Defendants on or about June 22, 1946 against the Plaintiffs made no reference to Division A and the Plaintiffs disclaimed, in such ejectment suit, any interest whatever in the lands described in the Complaint except Division A and four acres in the Northwest corner of Section 38, as to which two parcels the Plaintiffs pleaded general issue. And the Court having considered the Motion for Summary Judgment and the exhibits attached thereto, together with the Plaintiffs' response thereto, the Court concludes that there is no genuine issue as to any material fact and that the Defendants are entitled to a judgment as a matter of law; . . . .
After the trial court had granted the defendants' motion for summary judgment, the plaintiffs filed on May 27, 1977 an amended complaint, the preamble to which recited:
 The Plaintiffs now amend their Complaint and all its amendments by adding the following to each count or cause of action: . . . .
The defendants followed this by filing on June 9, 1977 a motion to strike the amended complaint, and alleged two grounds: (1) that it was a nullity because the court had theretofore granted summary judgment; and (2) that it was filed without leave of court contrary to the requirements contained in Rule 15, ARCP.
The plaintiffs on June 10, 1977 filed their "MOTION TO SET ASIDE ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT," and asserted as their grounds: "That they want to amend their Complaint and equity requires that this should be done."
On August 9, 1977 the trial court entered the following order (filed on August 16, 1977):
 This cause coming on to be heard on Motion of the Plaintiffs to set aside a Summary Judgment entered by this Court after careful consideration on May 12, 1977, in order that the Plaintiffs might again be allowed to amend their complaint and the same being considered by the Court the Court finds that the original complaint in this cause was filed on to wit: July 18, 1967, and thereafter amended by the Plaintiffs on two different occasions, on November 22, 1968, and again on April 12, 1976. After said last amendment a voluminous Motion for Summary Judgment with Exhibits was filed by the Defendants on November 28, 1976, with said Motion being taken under advisement by this Court on January 4, 1977, after Plaintiffs had filed their answer *Page 373 
to said Motion for Summary Judgment on said date. Summary Judgment for the Defendants was entered by the Court on to wit: May 12, 1977, after several months of deliberation and study on grounds as set forth in said Summary Judgment.
 Under the circumstances as hereinabove outlined it is the opinion of this Court that the Plaintiffs have failed to exercise due diligence in seeking to amend their complaint and the suggestion being made to this Court on this date that one of the Defendants, George Fuller, Sr., died subsequent to the granting of the said Summary Judgment and before the filing of the last proposed amendment by the Plaintiffs, it is this Court's opinion after careful consideration that to allow such a belated third amendment to the complaint as originally filed would be unduly prejudicial to the Defendants in this cause. Despite the liberal rules with reference to the allowance of amendments, it is this Court's opinion that a Plaintiff should be able to decide and present to the courts of this State the legal issues in any cause within a period of eleven years if a final disposition of any cause is to be attained by the judiciary of this State. . . .
Then on September 15, 1977 the plaintiffs filed a "MOTION FOR EVIDENTIARY HEARING OR IN THE ALTERNATIVE LEAVE OF COURT TO FILE AFFIDAVITS IN SUPPORT OF MOTION FOR RECONSIDERATION." As a ground for this motion the plaintiffs stated:
 1. Justice requires that Plaintiffs be allowed an evidentiary hearing to develop the factual context behind the pleadings heretofore filed in said cause in order to show the Defendants would not be unduly prejudiced by filing of an additional amendment to the complaint in this matter.
That same day the plaintiffs filed their "MOTION FOR RECONSIDERATION" of (1) the order granting defendants' motion for summary judgment and (2) the order denying plaintiffs' motion to set aside so that another amended complaint could be filed. The grounds in support of this final motion were:
 1. That Plaintiffs' Answer to the Motion for Summary Judgment reflected a factual dispute that could not be resolved by summary judgment.
 2. The amended complaint of Plaintiffs reiterated a factual dispute that could not be resolved by summary judgment.
 3. Reasonable grounds exist for the delay in this cause.
 4. The amendment to the complaint which was filed May 27, 1977, did not unduly prejudice Defendants.
 5. To rule otherwise would be contrary to law and equity.
This motion was denied on September 20, 1977. Notice of appeal was filed on September 22, 1977.
The principal issue raised by this sequence of pleading is whether the plaintiffs' appeal was perfected within forty-two days of an appealable judgment in accord with Rule 4 (a), ARAP. In a motion to dismiss the appeal, the defendants contend that the motions filed by the plaintiffs following the summary judgment did not suspend the running of the time for filing notice of appeal. On the other hand, the plaintiffs contend that their Motion to Set Aside Order Granting Defendants' Motion for Summary Judgment was a proper Rule 59 (e) motion, and that their notice of appeal, filed on September 22, 1977, was filed within forty-two days of the trial court's order denying that motion (September 20, 1977).
Of course, the plaintiffs are correct in their contention that a proper motion for reconsideration filed under the authority of Rule 59 (e) will extend the time for filing notice of appeal, even though the motion for reconsideration follows the grant of a summary judgment. Papastefan v. B. L.Construction Co., Inc., Ala., 356 So.2d 158 (1978). Their argument, however, misconceives the applicability of that principle to these pleadings. Examination of the post-trial pleadings reveals that in manner and form their purpose was either *Page 374 
to file another amended complaint or to obtain the trial court's consent to file another amended complaint. They were not designed to have the trial court reconsider the evidence on which the summary judgment was based.
Although not directly in point, Clardy v. Duke University,299 F.2d 368 (4th Cir. 1962) discloses the reason why a motion to amend which follows summary judgment should not be treated as a motion for reconsideration which would extend the time for appeal. Following summary judgment rendered against him in that case a party moved for reconsideration, asking the trial court for leave to file an amended complaint. The trial court's denial of the motion was upheld on appeal, citing Rule 15 (a), FRCP, cf. Rule 5 (a), ARCP. At pages 369-370 of the report this significant language appears:
 If it should be held that plaintiff could amend without leave after a hearing and the granting of [a] summary judgment against him, the effect would be to clothe a litigant with the power, at any time, to reopen a case and possibly to set aside a judgment rendered against him by the court. Rule 15 (a) is not to be construed so as to render Rule 12 meaningless and ineffective. . . .
See also Freeman v. Continental Gin Co., 381 F.2d 459, 469-470
(5th Cir. 1967).
Because the post-trial motions of plaintiffs did not have the effect of extending the time for filing notice of appeal, that time began to run from the date of the summary judgment, or May 12, 1977. Forty-two days from that date would have been June 23, 1977. Thus the plaintiffs' notice of appeal filed on September 22, 1977 was too late. Timely filing of the notice of appeal is jurisdictional. Rule 3, ARAP.
The appeal must be dismissed.
APPEAL DISMISSED.
MADDOX, JONES, ALMON and SHORES, JJ., concur.