This is the second appeal in this case. The first appeal was dismissed because there was no final judgment. Bracy v. SippialElectric Company, Inc., 367 So.2d 1388 (Ala. 1979). Isaac Bracy d/b/a Bracy Construction Company now appeals from a final judgment entered against him following an adverse jury verdict. He contends that the trial court erred in allowing an amendment the day of trial, in admitting character evidence, and in denying his motion for new trial. We affirm.
Isaac Bracy d/b/a Bracy Construction Company (Bracy) was the general contractor on a project to correct safety deficiencies at the Veterans Administration Hospital in Tuskegee, Alabama. Sippial Electric Company, Inc. (Sippial), was a subcontractor on the same project, hired by Bracy to install various fire safety devices.
During performance of the contract, Sippial received periodic payments from Bracy. Sippial contends that the payments were not for the full amount due on the contract. Sippial brought suit against Bracy on open account for money due on the contract, and Bracy filed a counterclaim. Sippial added the Small Business Administration (SBA), including its administrator, the Elmer Tallant (Tallant), and Balboa Insurance Company (Balboa).
The SBA and its administrator were subsequently dismissed. The case was tried and the jury returned a verdict in favor of Sippial, without specifying which defendants were liable, and in favor of Sippial on Bracy's counterclaim. Bracy appealed, but, as we indicated, his appeal was dismissed because there had not been a final judgment entered in accordance with ARCP 54 (b). Bracy v. Sippial Electric Company, Inc., supra.
In the trial court, Sippial filed a motion to dismiss Tallant, and its motion was granted. The court then entered judgment in favor of Sippial and against both Bracy and Balboa. Bracy and Balboa both appealed. This appeal was submitted on briefs. The Balboa appeal was orally argued. In an opinion released this day, we have reversed the judgment as to Balboa, holding that the state court lacked jurisdiction to enter judgment against Balboa. Balboa Insurance Company v. SippialElectric Company, Inc., 379 So.2d 579 (Ala. 1980).
On this appeal we will deal with the issues between Bracy and Sippial. Bracy first contends that the trial court erred in granting, at the beginning of trial, Sippial's motion to amend, which added a fraud count and which alleged an increased amount of damages. ARCP 15 expressly provides that amendments should be freely allowed when justice so requires; and our *Page 584 
rule regarding amendments is that Rule 15 should be liberally construed within the sound discretion of the trial judge.Alabama Farm Bureau Mutual Casualty Insurance Co. v. Guthrie,338 So.2d 1276 (Ala. 1976). The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar an amendment. Miller v. Holder,292 Ala. 554, 297 So.2d 802 (1974); Poston v. Gaddis,372 So.2d 1099 (Ala. 1979).
Bracy contends that the proposed amendment at the beginning of trial actually prejudiced his case because all discovery had been completed and Bracy therefore had no opportunity to determine the factual basis for the allegation of fraud and had no opportunity to prepare a defense against the same. However, the amendment specifically incorporated detailed facts contained in a prior amended complaint and restated additional facts contained in the same prior amended complaint.
The only new facts alleged were that Bracy represented to Sippial that he, Bracy, would make payments to Sippial as the work progressed, as evidenced by the subcontract between the two; that the representations were false; that Bracy knew they were false; that they were made by Bracy intentionally to defraud Sippial; that Sippial believed them; and that Sippial relied on them when it entered into the subcontract.
It is obvious from the amendment that Sippial was going to attempt to prove its fraud allegation with facts previously pled and with the terms of the subcontract. The fraud count was merely an additional cause of action. Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party. United States v. Johnson,288 F.2d 40 (5th Cir. 1961). Cases interpreting the Federal Rules of Civil Procedure are authority in the construction of the Alabama Rules of Civil Procedure. Assured Investors LifeInsurance Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978). We cannot say that Bracy suffered actual prejudice or that the trial would be unduly delayed by allowing the amendment; the court, therefore, did not abuse its discretion in allowing it. Alabama Farm Bureau Mutual Casualty InsuranceCo. v. Guthrie, supra.
Bracy's next contention is that the trial court erred in admitting into evidence testimony regarding the character and reputation of Bracy. Bracy contends that evidence of character or reputation in civil cases is inadmissible except where, in the proceeding itself, character and reputation are placed in issue.
It is the rule that, in civil cases, evidence of a party's character and reputation is generally inadmissible. Holcombe v.Whitaker, 294 Ala. 430, 318 So.2d 289 (1975). However, character and reputation may be admitted for impeachment purposes to point out contradictions in a witness's testimony, and to point out inconsistent statements. Parker v. Newman,200 Ala. 103, 75 So. 479 (1917). In the case at bar, evidence was introduced, over Bracy's objection, to show that Sippial had received a check from Bracy for payment on the contract which was dishonored because of insufficient funds. This evidence showed lack of payment and financial difficulties between the parties, evidence essential to Sippial's case in chief against Bracy. Moreover, no objection was offered until after the witness had already testified. The evidence was, therefore, properly admitted. Costarides v. Miller, 374 So.2d 1335 (Ala. 1979).
On cross-examination, Bracy was asked whether the reason he had not paid Sippial was because he was broke and out of money. He answered negatively. In addition, Bracy had denied knowledge of previous judgments and executions against him. Sippial then introduced, over Bracy's objection, evidence that a Robert Ward had filed suit against Bracy in order to get paid for work he performed pursuant to a contract *Page 585 
with Bracy; that there were numerous liens filed against Bracy; and, that the sheriff's department had six outstanding executions against Bracy.
Bracy contends that all of this evidence was inadmissible. However, once Bracy testified, he made himself subject to impeachment by Sippial by the introduction of evidence of conduct contradictory to his testimony, and by the introduction of evidence as to his general character. Parker v. Newman, supra. We cannot say that the court abused its discretion in admitting the offered evidence for impeachment purposes. Parkerv. Newman, supra.
Bracy next contends that the trial court erred in denying his motion for new trial on the ground that the verdict was excessive. This contention is likewise without merit. When the trial court denied Bracy's motion for new trial, it held that "the judgment as a matter of law could not have exceeded $44,709.00," and reduced the verdict to that amount. The evidence, if believed by the jury, was sufficient to justify the reduced verdict. We hold that the trial court did not err in denying Bracy's motion for new trial. Central of GeorgiaRailway Company v. Steed, 287 Ala. 64, 70, 248 So.2d 110
(1971).
Bracy's final contention is that the trial court erred in denying his motion for new trial because Sippial did not consent to the trial court's reduction of the amount of the verdict. Bracy submits that the court was without power to arbitrarily reduce the amount of the verdict without Sippial's consent.
However, in all the cases Bracy cites for support of his position, the plaintiff at trial either filed a cross-appeal or objected in some way to the court's reduction of the amount of the verdict. In the case at bar, Sippial did not consent to the reduction, nor did Sippial object to the reduction. Moreover, Sippial did not file a cross-appeal contending that the reduction was error. This is a unique situation, the defendant contending that a reduction of the amount of a verdict without the plaintiff's consent is error, while the plaintiff, from all appearances, is content with the reduction, a point upon which we have found no law. Neither is any cited by the parties. We hold that Sippial impliedly consented to the reduction of the amount of the verdict by not entering an objection or filing a cross-appeal, and that the trial court properly denied Bracy's motion for new trial.
AFFIRMED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.