PER CURIAM.
These suits were commenced on April 1, 1976, with the filing of complaints in the Circuit Court of Mobile County, Alabama. On April 8, 1976, the defendant filed its motion to dismiss the complaint in the Holt case and on April 22, 1976, filed its motion to dismiss the complaint in the Holt and Trimble case, assigning as grounds in each action the failure to state a claim upon which relief could be granted. Thereafter, *499 the motions to dismiss, in each case, came on for hearing and were argued in open court after which, on May 14,1976, the trial court entered an order and judgment of dismissal in both cases and further taxed court costs against the plaintiffs. On June 4, 1976, more than ten (10) days after the entry of the orders and judgments of dismissal, the plaintiffs filed and served amendments to their original complaints in these actions. Subsequent to this, on June 8, 1976, the defendant filed motions to dismiss the complaint, as amended, in both cases. On June 11, 1976, plaintiffs filed motions in both cases to set aside the orders and judgments of dismissal and further sought leave to amend their original complaints. These motions to set aside the orders and judgments of dismissal, filed June 11,1976, remained pending in the trial court for a period of time well in excess of ninety (90) days, and, on October 24, 1978, the trial court entered a formal order denying the plaintiffs’ motions. On November 30, 1978, the plaintiffs took an appeal in both cases from the order denying their motions to set aside the orders and judgments of dismissal.
On May 11,1979, the Court in the case of Holt v. First National Bank oí Mobile, 372 So.2d 3 (Ala.1979), dismissed these two appeals as having been untimely filed, and held that such motions:
“ . '. . must be treated as Rule 59(e), ARCP, motions. 3 Moore's Federal Practice, ¶¶ 15.07[2], 15.10 (1978). See also, Papastefan v. B & L Construction Co., Inc. of Mobile, 356 So.2d 158 (Ala.1978); As such, they were automatically denied ninety days after filing. Rule 59.1, ARCP. Since the motions were filed on 11 June 1976, they were effectively denied on 9 September 1976. Appellants failed to give notice of appeal within forty-two days thereafter.
“We are, therefore, compelled to dismiss these appeals.”
Subsequent to the dismissal of these appeals, the plaintiffs sought a ruling on the defendant’s motion to dismiss the complaints as amended.
The trial court, on September 7, 1979, entered an order to the effect that it “has no jurisdiction to entertain the request of the plaintiffs to enter a ruling on the defendant’s motions to dismiss, filed June 8, 1976, directed to the amended complaint. The court is further of the opinion that said motion to dismiss is MOOT.”
The plaintiffs filed these petitions for writ of mandamus.
Although the defendant-respondent concedes that its motions to dismiss the plaintiffs’ amended complaints have never been ruled on, it contends that a ruling is unnecessary because the plaintiffs neither sought nor obtained the court’s leave to amend their complaints after the original complaints were dismissed and, further, that inasmuch as the amendments were filed more than ten (10) days after the motions to dismiss were granted, leave of court is necessary under ARCP 78.
■ ARCP 15 was amended on June 17, 1975, to eliminate the requirement that a party obtain leave of court to amend. As amended, the rule reads: “Otherwise a party may amend his pleading without leave of court but subject to disallowance on the court’s own motion or motion to strike of an adverse party; but such amendments shall be freely allowed when justice so requires.”
ARCP 78 has remained unchanged since the adoption of the Alabama Rules of Civil Procedure and provides: “Unless the court orders otherwise, an order granting a motion to dismiss shall be deemed to permit an automatic right of amendment of the pleading to which the motion is directed within ten days from service of the order.”
The purpose of this rule was obvious as long as ARCP 15 required leave of court to file amendments. ARCP 78 eliminated that requirement when a motion to dismiss had been granted. Now that ARCP 15 has been amended, the purpose of ARCP 78 has largely been served. However, we think the spirit of the rules is best served in this case by holding that inasmuch as the defendant did not file a motion to strike the amended complaints as coming too late un *500 der ARCP 78 and without leave of court, that such objection is waived and the plaintiffs are entitled to a ruling on the motions to dismiss the complaints as amended.
Rule 1 admonishes that all the rules “shall be construed to secure the just, speedy and inexpensive determination of every action.” Here, the plaintiffs have not had a ruling on their amended complaints which have been challenged as failing to state a claim upon which relief may be granted. They are entitled to know whether their amended complaints meet that challenge.
The petitions for writs of mandamus are granted.
GRANTED.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C. J., and MADDOX, J., concur specially.