[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 439 
This is the appeal of a class action. The Circuit Court of Jefferson County, pursuant to Rule 12, ARCP, dismissed the complaint and the plaintiffs appeal. Additionally, the trial court refused to allow an amendment to plaintiffs' complaints and plaintiffs urge error in this regard.
The dispositive issues are (1) whether appeal to this court was perfected in a timely manner, (2) whether the Alabama Worthless Check Act, §§ 13-4-110, et seq., Code of Ala. 1975, applies to a person who unknowingly draws a check at a time when there are insufficient funds on deposit to cover that check, and (3) whether the learned trial judge abused his discretion in not allowing plaintiffs to amend their complaints.
The record reveals the following: The plaintiffs purport to represent as a class all those persons, partnerships, and corporations who, from October 1, 1972, to May 17, 1978, maintained a checking account with defendant banks pursuant to a contractual relationship and were charged a service charge in excess of $2.00 as a result of unknowingly drawing checks upon insufficient funds. The defendant class is designated as all banking institutions which, in the relevant time period, made such a service charge.
The plaintiffs' complaints alleged, in essence, that § 13-4-120, Code of Ala. 1975, prohibits a service charge in excess of $2.00 when a drawer's check is unknowingly drawn upon insufficient funds. There were also counts alleging conversion and the formation by defendants of an illegal combine and monopoly.
The defendants responded with motions to dismiss for failure to state a claim upon which relief could be granted. Plaintiffs engaged in no discovery, and, after briefs were filed and oral argument, the learned trial judge granted the motions to dismiss. Defendants had filed affidavits which the trial judge did not consider as he did not treat the motions as moving for summary judgment. See, Rule 12 (b), ARCP.
The primary rationale behind the trial court's ruling was the decision that the Alabama Worthless Check Act is criminal in nature and therefore has no application to those whounknowingly draw checks upon insufficient funds. Alternatively, it was held that plaintiffs lacked standing under § 13-4-120 and that to construe the statute as regulating banks would possibly render it violative of the Constitution of Alabama, art. IV, § 45. This section of our state constitution requires that "[e]ach law shall contain but one subject which shall be clearly expressed in its title. . . ."
Thirty days after the rendition of this judgment, plaintiffs filed a motion to reconsider and a motion to amend their complaint.
The motion to amend first alleged that plaintiffs and defendants entered into a contractual arrangement upon the opening of a checking account which allowed defendant banks to impose a reasonable service charge for processing checks drawn upon insufficient funds. The plaintiffs' primary contention was that the charge actually extracted by the banks breached this contract as being excessive and disproportionate to the costs incurred by the banks in processing the checks. *Page 440 
There was a further count seeking rescission of the contracts on the grounds of unconscionability.
The Rule 59, ARCP, motion to reconsider basically asked the court to consider the grounds set forth in the amended complaints.
The motion to reconsider was denied. Although the motion to amend was not specifically ruled upon, we interpret the trial court's action as having the effect of denying it. The parties to this appeal also give the trial court's action this interpretation.
Within forty-two days of the denial of the motion to reconsider, but more than forty-two days after the motion to dismiss was granted, plaintiffs perfected these appeals.
 I
Defendants ask this court to dismiss these appeals as being untimely. While it is clear that a proper Rule 59, ARCP, motion to reconsider does suspend the running of the forty-two day time limit for bringing appeals until the motion is ruled upon,see, Rule 4 (a)(3), ARAP, defendants contend that an improperly brought motion of this kind does not.
As authority for this proposition, defendants refer us to the case of Morris v. Merchants National Bank of Mobile, Ala.,359 So.2d 371 (1978). There, the supreme court held that a motion for reconsideration, filed after summary judgment is granted, is not proper where, in manner and form, the motion is not designed to have the trial court reconsider the evidence upon which the summary judgment is based, but is simply intended to allow the plaintiff to file an amended complaint. The court concluded that under such facts, the motion did not suspend the running of the forty-two day limit and dismissed the appeal.
We conclude that the beneficial purposes of our Rules of Civil Procedure would be ill-served if this court extended the rationale of Morris to cover the factual situation at bar. When a trial court considers a motion to dismiss, as opposed to one seeking summary judgment, all that is before it are the pleadings and the motion. If the motion is granted, our supreme court has said the plaintiff has a right to amend under Rule 15, ARCP. This right does not exist if a motion for summary judgment is granted. Papastefan v. B L Construction Co., Inc.of Mobile, Ala., 356 So.2d 158 (1978). Rule 78, ARCP, makes this right to amend after dismissal absolute if the motion to amend is filed within ten days of the order of dismissal.
Therefore, the proper function of a motion to reconsider after dismissal has been granted is to attempt to show the trial court that under a legally cognizable theory of law there exists a set of facts which may warrant recovery. This is exactly what plaintiffs presumably attempted to do in the case at bar. It follows that the motion was properly brought and that it suspended the time for bringing appeal.
We would further note that in the instant appeal, contrary toMorris, supra, the plaintiff's motion to reconsider does indicate that the plaintiff requests the trial court to reconsider the original complaint.
 II
We find no error in granting defendants' motions to dismiss. Section 13-4-120 provides:
 Any depository dishonoring a check for reasons outlined in sections 13-4-113 through 13-4-117 and the "person," as defined in section 13-4-111, to whose account the check was deposited and to whom it is returned may assess the person who drew the check a service charge of $2.00.
Suffice it to say that §§ 13-4-113 through 13-4-117, to which § 13-4-120 refers, make unlawful certain practices wherein a person either draws or makes use of a check, with both intent to defraud and knowledge that the check is worthless. Thus, these sections refer to the fraudulent passing of worthless checks, making such activity criminal in nature. Put another way, they proscribe only activity accompanied *Page 441 
by intent to defraud. See, Smith v. Southeastern Financial Corp., Ala., 337 So.2d 330 (1976).
Therefore, giving the unambiguous words of § 13-4-120 their plain meaning, Quick v. Utotem of Alabama, Inc., Ala.Civ.App.,365 So.2d 1245 (1979), this section authorizes the imposition of a service charge only when the person so charged has engaged in the criminal act of passing a worthless check with the necessarily concomitant intent to defraud. Plaintiffs, in their complaint, specify they unknowingly issued checks drawn upon insufficient funds. Thus, taking their allegations as true, they have not committed any crime as specified in the Worthless Check Act, and § 13-4-120 has no application to them.
Additionally, we would note that the trial court was apparently justified in indicating that § 13-4-120 cannot be constitutionally construed as a bank regulatory statute. It is an integral part of the Worthless Check Act and its stated intent is to provide a remedy for the activities made criminal therein. § 13-4-112, Code of Ala. 1975.
The Constitution of Alabama, art. IV, § 45, requires that "[e]ach law shall contain but one subject, which shall be clearly expressed in its title. . . ." The title of the Worthless Check Act, in pertinent part is as follows: "An act to prohibit the giving of worthless checks, drafts, or other written order for money; . . . [and] to provide a penalty for violation."
Clearly, the title in no manner indicates that the act is to regulate banks. Just as clearly, its subject matter is the issuance of worthless paper. To construe it as plaintiffs desire would give the act two subjects, one of which would not be expressed at all in its title. Thus, it appears to doubly violate § 45 of the constitution. See, Bagby Elevator Electric Co., Inc. v. McBride, 292 Ala. 191, 291 So.2d 306
(1974). See also, Alabama Education Association v. Grayson,382 So.2d 501 (Ala. 1980). Even if the act was susceptible to plaintiffs' desired construction, we would construe it as we have to preserve its constitutionality. J. Blach Sons v.Hawkins, 238 Ala. 172, 189 So. 726 (1939).
 III
As indicated, thirty days after suffering dismissal, plaintiffs filed a motion to amend along with a motion to reconsider.
Plaintiffs argue that although the trial judge did not specifically deny the motion to amend, this in effect occurred when the accompanying motion was not granted. Defendants at first argue the motion to amend was a nullity, contending that Rule 78, ARCP, which grants an automatic right to amend within ten days of suffering dismissal, impliedly bars amendments if not sought within ten days.
We cannot agree with defendants' contentions. It is well established that Rule 15, ARCP, dealing with amendments, is to be liberally construed. Therefore, amendments are to be freely allowed and their refusal must be based on some valid ground.National Distillers Chemical Corp. v. American LaubscherCorp., Ala., 338 So.2d 1269 (1976).
We perceive Rule 78 as being expressive of this policy. To hold that it creates an absolute bar to amendment after the expiration of ten days would not only be contrary to our practice concerning amendments, but also would run afoul of the more basic and pervasive rationale of our Rules of Civil Procedure; namely, that cases are to be decided on the merits.See, Fraternal Order of Police, Strawberry Lodge No. 40 v.Entrekin, 294 Ala. 201, 314 So.2d 663 (1975). Indeed, inPapastefan v. B L Construction Co., Inc. of Mobile, supra, our supreme court said a right to amend after suffering dismissal also exists under Rule 15. There is no ten day limitation anywhere in this rule.
Therefore, the question ultimately must be: Did the trial judge abuse his discretion in denying the motion to amend?
We answer affirmatively. There must be some valid ground for denying leave to amend. Although sufficient *Page 442 
grounds exist if granting the motion will unduly delay trial on the issues or unduly prejudice opposing parties, neither delay in and of itself, unless motivated by bad faith, nor the fact that the proposed amendment may well be the result of the afterthought of counsel as to the best theory on which to proceed, suffice as reasons for denying leave to amend.National Distillers, supra.
The Fifth Circuit Court of Appeals, in construing Federal Rule 15 (a), which, like our rule, requires that "leave [to amend the complaint] shall be freely given when justice so requires," has held that granting such leave is especially appropriate when the trial court has dismissed the complaint for failure to state a claim. Griggs v. Hinds Junior College,563 F.2d 179 (5th Cir. 1977). There, too, plaintiffs filed motions to reconsider and to amend. The Fifth Circuit reversed the denial of the motion to amend as an abuse of discretion inconsistent with the spirit of the Federal Rules as there was no showing that the granting of the motion would unduly prejudice the defendants.
Suffice it to say defendants in the case at bar have failed to show either undue prejudice or delay. As they themselves point out, no discovery has yet been instituted. This case, to this point, has progressed no further than the preliminary pleadings and the motions thereon which have resulted in this appeal.
Defendant, First National Bank of Birmingham, in a supplemental letter brief filed with this court, argues that the recent case of Layfield v. Bill Heard Chevrolet Co.,607 F.2d 1097 (5th Cir. 1979), supports its further contention there was no abuse of discretion in denying the motion to amend. Plaintiffs have responded by referring us to the also recent Alabama case of Ex parte Holt, 382 So.2d 498 (Ala. 1980). Plaintiffs characterize this case as standing for the proposition that Rule 78 does not automatically bar amendments filed after the expiration of ten days.
Agreeing with plaintiffs, we find the Layfield case to be distinguishable in several key aspects. There, the defendants had filed motions for summary judgment and the plaintiff, in moving to amend, failed to comply with the local rules of the federal district court hearing the case. These rules required the filing of briefs and affidavits in support of such a motion. Citing this lack of compliance with the local rule and the Fifth Circuit's position that an attorney has the duty to prepare a case properly before filing pleadings, that court upheld the denial of leave to amend.
As indicated, the case at bar is before us in the context of an appeal from the denial of leave to amend after a motion to dismiss was granted. We do not read the Layfield case as calling for a departure from the rationale set forth in Griggs,supra, where the Fifth Circuit held granting leave to amend is appropriate after a party has suffered dismissal of its claim. As we have pointed out, the Supreme Court of Alabama has said a right to amend exists in such a case under Rule 15 ARCP;Papastefan, supra. It has also said the mere fact that the proposed amendment is the result of the afterthought of counsel does not suffice, in and of itself, as a ground for denying leave to amend. National Distillers, supra. In Ex parte Holt,supra, the supreme court ordered the trial court to consider amendments filed after the expiration of ten days from the order of dismissal.
To this court, even more pertinent, and dispositive of this issue, is the case of Bracy v. Sippial Electric Co., Inc.,379 So.2d 582 (Ala. 1980). There, in affirming the trial court's decision to allow an amendment on the day of trial, the supreme court said:
 Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party. . . . (Emphasis supplied.)
Suffice it to say that if no undue prejudice or delay was shown under the facts in Bracy, certainly none existed in the case at bar. *Page 443 
Following these decisions, we conclude the spirit of the Alabama rules requires reversal so that plaintiffs may proceed on their amended complaint. In so ordering, we of course do not intimate any views of the merits of plaintiffs' claims.
Due to our resolution of these matters, further issues presented by the parties need not be discussed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.