WRIGHT, Presiding Judge.
The issue on appeal is: was it error to allow evidence of general reputation in the community for purpose of impeaching a witness in a civil case?
The credibility of a witness was permitted to be impeached over objection by evidence of the witness’ general reputation in the community. On appeal it is contended upon the basis of majority precedents in other jurisdictions, particularly Fed.R.Evid. 608(a), that we should follow these precedents and authorities.
It appears that the law in Alabama is to the contrary. In the case of Parker v. Newman, 200 Ala. 103, 109, 75 So. 479, 485 (1917), the court said:
“In civil cases especially, character evidence pertaining to the litigants is usually excluded. When, however, from the nature of the case, the character of the person is one of the many facts in issue, evidence of such fact is admissible.
"... Character evidence of a party to a litigation and character evidence of a witness for necessity are so separate and distinct that they should be carefully distinguished. Smith v. State, 72 So. 316 *883 [197 Ala. 193]. In the former case, character is a fact in issue or an evidentiary fact to the fact in issue. In the latter case it is neither, but merely a fact which comes into the ease in a collateral way. It does not pertain to the truth or veracity of the issue being tried, but merely to the weight of the evidence of the particular witness.

“In impeaching the credibility of a witness, the inquiry is not limited to the general reputation, in the community or neighborhood in which such witness lives or is known, for truth and veracity, but extends to the witness’ general character. [Citations omitted.]”
We find that these statements from Parker v. Newman not only remain the law in Alabama, but were cited as authority by our supreme court in the case of Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala.1980). The admission of the evidence of general reputation of the witness in this case was therefore according to law and not error.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.