SHORES, Justice.
Plaintiff Martha Scott appeals from a judgment entered pursuant to a jury verdict in favor of defendant Charles M. Heard. We affirm.
On December 27, 1983, Scott and Heard were involved in an automobile accident. Scott filed suit against Heard, alleging that Heard negligently and wantonly allowed the automobile he was driving to collide with Scott’s automobile. (The wanton count was later stricken by agreement.)
Heard answered, saying that he was not negligent or wanton in the operation of his vehicle at the time complained of and, further, pleading contributory negligence as an affirmative defense.
At the trial of this case, plaintiff Scott called the defendant Heard as a witness during the presentation of her case. During the course of that examination, Heard stated:
“I tried to put my brakes on, sir. The brakes gave way.
[[Image here]]
"... When I reached for the brakes, I knew right then that they weren’t working. I had very little braking power and that’s when I down shifted to low gear and tried to slow the car down.”
At the conclusion of Scott’s case, Heard sought to amend his answer so as “to conform to the evidence by adding mechanical failure as a defense.” Scott objected to the *495 amendment, stating that it was untimely and prejudicial. She did not state how she would be prejudiced by the amendment. The trial court allowed the amendment under Rule 15(b), Ala.R.Civ.P., and specifically informed Scott’s counsel that she would be entitled to a continuance under Rule 15(b). Scott’s attorney, however, did not request a continuance, but merely asked to recall defendant Heard to the witness stand, which the trial court allowed.
The defense subsequently called Billy Heard, the defendant’s father, as a witness. Billy Heard testified that his son had told him after the accident that there had been a problem with the brakes. Billy Heard stated that he personally checked the brakes and found that they were not functioning properly. Billy Heard testified that he replaced the master cylinder, a part of the braking system, and found that the brakes then functioned properly.
At the conclusion of all the evidence, the trial court correctly instructed the jury on the law of mechanical failure. No objections were posed. The jury subsequently returned a verdict for Heard. Scott’s motion for new trial was denied, and this appeal followed.
The only issue presented for review is whether the trial court committed reversible error when it allowed Heard to amend his answer by raising as an affirmative defense mechanical failure after the close of plaintiff Scott’s case. Scott contends that, since Heard failed to plead affirmatively mechanical failure in his original answer, that defense was waived.
Rule 15(b) of the Alabama Rules of Civil Procedure provides:
“(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in the maintaining of his action or defense upon the merits.”
Rule 15(b) goes further to give the objecting party an opportunity to meet the evidence by providing that “[t]he court may grant a continuance to enable the objecting party to meet such evidence.” The rule then concludes by stating:
“An amendment shall not be refused under subdivision (a) and (b) of this rule solely because it adds a claim or defense, changes a claim or defense, or works a complete change in parties. The Court is to be liberal in granting permission to amend when justice so requires.”
“[0]ur rule regarding amendments is that Rule 15 should be liberally construed within the sound discretion of the trial judge.” Bracy v. Sippial Electric Co., 379 So.2d 582, 584 (Ala.1980), citing Alabama Farm Bureau Mutual Casualty Ins. Co. v. Guthrie, 338 So.2d 1276 (Ala.1976). “The party opposing the amendment must show that the amendment would cause actual prejudice or undue delay in order to bar an amendment.” Bracy, citing Miller v. Holder, 292 Ala. 554, 297 So.2d 802 (1974), and Poston v. Gaddis, 372 So.2d 1099 (Ala.1979).
In the present case, the evidence elicited by both the plaintiff and the defendant presented an issue of mechanical failure with regard to Heard’s brakes. Absent a showing by Scott that the amendment would cause actual prejudice, the trial judge did not abuse his discretion in allowing the amendment. As previously mentioned, Scott did not state at any time during the trial or in her motion for new trial the prejudice that she would allegedly suf *496 fer from the allowance of the amendment. Furthermore, Scott was advised of the right to a continuance under Rule 15(b), but instead opted only to recall defendant Heard. We find no error with the trial court’s allowing the contested amendment.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.