THOMPSON, Judge.
Atlantic Thread and Supply Company, Inc. (“Atlantic Thread”), sued Lamar International, Inc. (“Lamar”), in the Madison District Court (“the district court”) alleging' a breach of contract and seeking to recover the purchase price of thread supplies that it had sold and delivered to Lamar. The case was tried, and on March 4, 2004, the district court entered a judgment in favor of Atlantic Thread'in the amount of $4,336.06, plus court costs. Lamar timely appealed to the Madison Circuit Court (“the trial court”).
Atlantic Thread filed a, motion for a summary judgment with the trial court; Lamar- filed a motion in opposition to Atlantic Thread’s summary-judgment motion. On June 1, 2004, the trial court entered a summary judgment in favor of Atlantic Thread in the amount of $4,967.53, plus court costs; that summary judgment stated, in part:
• " “[Atlantic Thread’s mjotion for [s]um-mary judgment was properly filed with a narrative summary of undisputed facts, with a detailed affidavit of the comptroller of Atlantic Thread ..., with supporting documentation showing all transactions between these parties giving rise to the claim for money damages owed by [Lamar] to [Atlantic Thread].
“In opposition to [Atlantic Thread’s m]otion for a [s]ummary judgment, [Lamar] ... [submitted] an affidavit of ... [the president of Lamar ..., wherein he essentially states only that no monies are owed.
“[Lamar’s] opposition contains no documentation, no evidence of payments, and no evidence of the shipment of returned goods.
“Therefore, the Court concludes that [Atlantic Thread’s] summary-judgment motion was not adequately opposed by [Lamar] in that [Lamar] failed to present substantial evidence in opposition to [Atlantic Thread’s m]otion for [s]um-mary judgment.”
On June 3, 2004, two days after the trial court had entered the summary judgment in favor of Atlantic Thread, Lamar filed a motion, pursuant to Rule 15, Ala. R. Civ. P., for leave to amend its pleadings[1] to add a counterclaim alleging fraud; in that motion, Lamar did not make any reference to the summary judgment. On June 8, 2004, the trial court entered an order denying' Lamar’s June 3, 2004, motion; that order reáds: “Denied. Summary Judg *840 ment entered for [Atlantic Thread] on June 1, 2004.”
On July 1, 2004, Lamar filed a “motion to set aside, amend, or reconsider” the summary judgment and the June 8, 2004, order; Lamar purported to file that motion pursuant to Rule 59(e), Ala. R. Civ. P. In that motion, Lamar conceded that the summary judgment was proper as to Atlantic Thread’s breach-of-contract claim. However, Lamar requested that the trial court set aside the summary judgment and the June 8, 2004, order and allow Lamar to file the counterclaim alleging fraud, and that the trial court grant a partial summary judgment for Atlantic Thread on the breach-of-contract claim.
After the trial court heard oral argument, it entered an order on September 27, 2004, denying Lamar’s July 1, 2004, motion. Lamar filed a notice of appeal on November 5, 2004.
Lamar’s sole contention on appeal is that the trial court abused its discretion in declining to set aside the summary judgment for the limited purpose of allowing Lamar to file the fraud counterclaim. Although neither of the parties has addressed the issue, this court must determine whether it has jurisdiction over this appeal. As we have stated,
“[j]urisdictional matters are of such importance that a court may take notice of them ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). ‘ “The timely filing of a notice of appeal is a jurisdictional act.” ’ Overy v. Murphy, 827 So.2d 804, 805 (Ala.Civ.App.2001) (quoting Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985)).”
McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004).
In Morris v. Merchants National Bank of Mobile, 359 So.2d 371 (Ala.1978), the trial court entered a summary judgment in favor of Merchants National Bank on May 12, 1977. On June 10, 1977, Morris filed a motion to set aside the summary judgment, seeking the trial court’s permission to file an amended complaint. The trial court denied that motion on August 9, 1977.[2] On September 15, 1977, Morris filed a motion seeking reconsideration of the entry of the summary judgment and the order denying his motion to set aside the summary judgment. On September 20,1997, the trial court denied that motion, and on September 22, 1977, Morris filed a notice of appeal. See generally, 359 So.2d at 372-73.
Our supreme court dismissed the appeal as being untimely. Morris v. Merchants Nat'l Bank of Mobile, 359 So.2d at 374. In doing so, our supreme court reasoned and held, in relevant part:
“[A] proper [postjudgment] motion ... filed under the authority of Rule 59(e) will extend the time for filing [a] notice of appeal, even though th[at] motion ... follows the grant of a summary judgment. Papastefan v. B. & L. Construction Co., Inc., Ala., 356 So.2d 158 (1978).... Examination of the post-trial pleadings [i.e., the postjudgment motions] reveals that in manner and form their purpose was either to file another amended complaint or to obtain the trial court’s consent to file another amended complaint. They were not designed to have the trial court reconsider the evidence on which the summary judgment was based.
[[Image here]]
“Because the post-trial motions of plaintiffs did not have the effect of extending the time for filing notice of appeal, that time began to run from the *841 date of the summary judgment, or May 12, 1977. Forty-two days from that date would have been June 23, 1977. Thus the plaintiffs’ notice of appeal filed on September 22, 1977[,] was too late. Timely filing of the notice of appeal is jurisdictional. Rule 3, [Ala. R.App. P.]”
Morris v. Merchants Nat’l Bank of Mobile, 359 So.2d at 373-74 (emphasis added).
In the instant case, Lamar conceded in its July 1, 2004, motion that the summary judgment in favor of Atlantic Thread as to the breach-of-contract claim was proper. In both its June 3, 2004, motion and its July 1, 2004, motion, Lamar sought permission to amend its pleadings to file the fraud counterclaim; Lamar did not seek reconsideration of the evidence upon which the summary judgment was based. In accordance with Morris v. Merchants National Bank of Mobile, supra, we must hold that neither of Lamar’s motions filed after the entry of the summary judgment was a “proper” Rule 59(e) motion; therefore, neither of those motions extended the time for appeal. Thus, the time for filing the notice of appeal began to run from the date of the entry of the summary judgment, which was June 1, 2004. Forty-two days from that date would have been July 13, 2004. Therefore, Lamar’s notice of appeal filed on November 5, 2004, was untimely. The timely filing of a notice of appeal is jurisdictional, and we must dismiss this appeal as being untimely. Rule 2(a)(1), Ala. R.App. P.; McMurphy v. East Bay Clothiers, supra; and Morris v. Merchants Nat’l Bank of Mobile, supra.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN, MURDOCK, and BRYAN, JJ., concur.

. The supreme court stated that the order denying that motion was entered on August 9, 1977, and that it was filed on August 16, 1977.