PITTMAN, Judge.
Kim Deloris Harris appeals from the dismissal of her divorce complaint against Vernon Lamont Harris. We reverse.
On April 24, 2012, Kim filed a complaint alleging, among other things, that she and Vernon had been married on September 28, 1996; that they had lived together as husband and wife until their separation on November 28, 2010; and that one child, whose date of birth was February 17, 2000, had been born of the marriage. Vernon was served with process on May 7, 2012. On June 14, 2012, after Vernon had failed to answer or otherwise defend the complaint, the trial court entered a default judgment against Vernon.
On July 20, 2012, an attorney entered an appearance on behalf of Vernon, moved to set aside the default judgment, and sought a declaratory ruling that Vernon’s purported marriage to Kim on September 28, 1996, was null and void. Vernon alleged, and submitted documentary evidence indicating, that Kim had married Michael Co-wans on October 30, 1991; that Cowans had filed a complaint seeking a divorce from Kim on April 14, 1998; and that a final judgment divorcing Kim and Cowans had been entered on March 8, 1999. Therefore, Vernon said, he and Kim could not have entered into a valid marriage on September 28, 1996, because Kim was still married to Michael Cowans on that date. On July 23, 2012, Vernon filed an answer, denying the material allegations of the complaint.
Two days later, Kim filed an amended complaint, striking the allegation that she and Vernon had been married on September 28, 1996, and substituting the allegation that they had been married, “by way of common-law marriage,” on May 7, 1999. On July 26, 2012, the trial court set aside the default judgment. On July 27, 2012, Vernon filed an amended answer, acknowledging that he and Kim had been parties to a ceremonial marriage on September 28, 1996; submitting the wedding program for the ceremony on September 28, 1996; and insisting that the purported marriage was void because Kim was not yet divorced from Cowans on September 28,1996.
Following a hearing at which the parties presented argument, but no evidence, the trial court, on August 23, 2012, granted Vernon the declaratory relief he sought and dismissed Kim’s complaint. Kim filed a timely postjudgment motion, arguing that
“1. The [judgment] is contrary to the evidence and law in this cause;
“2. The court granted [Vernon’s] motion for a declaratory judgment, declaring that [Kim] and [Vernon] never entered into a legal marital relationship, without requiring [Vernon] to prove his allegation that a legal marital relation *764 ship never existed. No hearing was permitted for evidence to be heard as to whether there existed a legal marital relationship between [Kim] and [Vernon], No trial date was ever set.
“3. This case was dismissed without resolving child custody and child support issues.
“4. The court denied [Kim’s] amendment pursuant to Rule 15(a), Ala. R. Civ. P., without stating a valid ground for its denial as required by Alabama law. Ex parte Liberty Nat’l Life Ins. Co., 858 So.2d 950 (Ala.2003). [Kim] filed her amendment less than a week after [Vernon’s] first appearance in the present case. [Vernon] gave his implied consent to the amendment when he not only failed to object to the amendment, but filed an amended answer to the amended complaint on July 27, 2012.”
Vernon filed a response in opposition to Kim’s postjudgment motion, asserting that, only after he had submitted proof of Kim’s prior, undissolved marriage to Co-wans, did Kim amend her complaint to allege that the parties had been married by the common law on May 7, 1999, instead of by a ceremonial marriage on September 28, 1996. Vernon argued that, if Kim’s amendment had been allowed, he would have been prejudiced by having to defend against a new legal theory, based on a different set of facts, from those alleged in Kim’s complaint. In support of that argument, he cited Bracy v. Sippial Electric Co., 379 So.2d 582 (Ala.1980).
The trial court denied the postjudgment motion on October 16, 2012, without mentioning the amended complaint. Kim filed a timely notice of appeal on November 20, 2012, arguing that the trial court had erred in implicitly denying the amendment, in issuing the declaratory ruling sought by Vernon, and in dismissing her complaint.
Rule 15(a), Ala. R. Civ. P., provides, in pertinent part:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”
Kim filed her amended complaint before the case had ever been set for trial. Vernon did not move to strike the amendment as contemplated in Rule 15(a), but he filed an amended answer responding to the substance of Kim’s amended complaint. “In that situation, a trial court has no discretion; it can deny a requested amendment only if there exists a ‘valid ground’ for the denial, such as ‘actual prejudice or undue delay.’ Ex parte GRE Ins. Group, 822 So.2d [388,] 390 [ (Ala.2001) ]. In other words, the burden is on the trial court to state a valid ground for its denial of a requested amendment.” Ex parte Liberty Nat’l Life Ins. Co., 858 So.2d 950, 953 (Ala.2003). The trial court stated no ground for its implicit denial of the amendment.
Vernon, however, asserted that if the amendment had been allowed, he would have been prejudiced by having to defend against a new legal theory, based on a different set of facts, from those pleaded in the complaint.
“Under [Rule 15(a) ] it [is] entirely irrelevant that a proposed amendment changes ... the theory of the case.... International Ladies’ Garment Workers’ Union v. Donnelly Garment Co., 121 F.2d 561 (8th Cir.1941); Technical Tape Corp. v. Minnesota Mining & Manufacturing Co., 200 F.2d 876 (2d Cir.1952); Naamloze Vennootschap Suikerfabriek ‘Wono-Asch’ v. Chase No *765 tional Bank, 12 F.R.D. 261 (S.D.N.Y.1952); Colstad, v. Levine, 243 Minn. 279, 285, 67 N.W.2d 648, 658 (1954); 6 Cyc. Fed. Proc. §§ 18.18, 18.19 (3d ed.1951).”
Rule 15, Ala. R. Civ. P. (Committee Comments on 1973 Adoption) (emphasis added).
Vernon’s argument that the amendment was based on a new set of facts — i.e., that the parties had been married by the common law on May 7, 1999, instead of by a ceremonial marriage on September 28, 1996 — is simply incorrect, and his reliance on Bracy v. Sippial Electric Co., supra, is misplaced. In Bracy, the trial court granted Sippial’s motion to amend its complaint to add a fraud claim. Our supreme court rejected Bracy’s argument that, “because all discovery had been completed and [he] therefore had no opportunity to determine the factual basis for the allegation of fraud and had no opportunity to prepare a defense against the same,” 379 So.2d at 584, the amendment had prejudiced his case. The court stated:
“It is obvious from the amendment that Sippial was going to attempt to prove its fraud allegation with facts previously pled and with the terms of the subcontract. The fraud count was merely an additional cause of action. Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party. United States v. Johnson, 288 F.2d 40 (5th Cir.1961).”
Id. Likewise, in the present case, it was apparent that Kim was going to attempt to prove her common-law-marriage allegation with facts previously pleaded, i.e., that the parties had lived together as husband and wife following their entering a ceremonial marriage on September 28, 1996, and had continued to live together as husband and wife after May 7,1999.
May 7, 1999, was the 60th day after the entry of the March 8, 1999, judgment divorcing Kim and Cowans — the date upon which the impediment to Kim’s remarriage was removed. See § 30-2-10, Ala.Code 1975 (providing that “[w]hen a judgment has been entered granting a divorce in this state, the court shall order that neither party shall again marry, except to each other, until 60 days after the judgment is entered”).
“‘In Alabama, recognition of a common-law marriage requires proof of the following elements: (1) capacity; (2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and (3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation. Whether the essential elements of a common-law marriage exist is a question of fact. Whether the parties had the intent, or the mutual assent, to enter the marriage relationship is also a question of fact.’ ”
Dyess v. Dyess, 94 So.3d 384, 387 (Ala.Civ.App.2012) (quoting Gray v. Bush, 835 So.2d 192,1 94 (Ala.Civ.App.2001) (citations omitted)).
Kim did not have the capacity to marry Vernon on September 28, 1996, when she and Vernon had been parties to a ceremonial marriage, because Kim was still married to Cowans. See Steele v. Steele, 522 So.2d 269, 270 (Ala.1988). Kim alleged in her amended complaint, however, that the parties had lived together as a married couple after May 7, 1999, when the impediment to her remarriage was removed, and, therefore, that they had been married by the common law. Those alie- *766 gations were not based on a new set of facts, but, rather, on a new legal theory based on the same set of operative facts as alleged in the original complaint.
“ ‘It is the well-settled rule that if parties in good faith marry when in fact a legal impediment exists to their marriage, and they continue to cohabit as man and wife after the removal of the impediment of their lawful union, the law presumes a common-law marriage.’ [Hill v. Lindsey, 223 Ala. 550, 552, 137 So. 395, 397 (1931).] To like effect is Prince v. Edwards, 175 Ala. 532, [537— 38,] 57 So. 714, 715 [ (1912) ].
“It is established in this jurisdiction that, ‘Where parties who are incompetent to marry enter an illicit relation, with a manifest desire and intention to live in a matrimonial union, rather than in a state of concubinage, and the obstacle to their marriage is subsequently removed, their continued cohabitation raises a presumption of an actual marriage immediately after the removal of the obstacle, and warrants a finding to that effect.’ Prince v. Edwards, supra.”
Smith v. Smith, 247 Ala. 213, 217, 23 So.2d 605, 608-09 (1945). See also Krug v. Krug, 292 Ala. 498, 296 So.2d 715 (1974); and Walker v. Walker, 218 Ala. 16, 117 So. 472 (1928). See generally Hon. John B. Crawley, Is the Honeymoon Over for Com-moiu-Law Marriage: A Consideration of the Continued Vitality of the Common-Law Marriage Doctrine, 29 Cumb. L.Rev. 399, 406 & n. 42 (1998-99).
Kim correctly argued to the trial court that its judgment was “contrary to the evidence and law” and that Vernon should have been “requir[.ed] ... to prove his allegation that a legal marital relationship never existed.” That is so because the continued cohabitation of Kim and Vernon after May 7, 1999, “raise[d] a presumption of [their] actual marriage,” Smith v. Smith, supra, and Vernon, the party challenging the validity of the marriage, had the burden to prove its invalidity.
Based on the foregoing facts and authorities, we conclude that the trial court erred in implicitly denying the amendment to Kim’s complaint, in issuing a declaratory ruling for Vernon, and in dismissing Kim’s complaint. The judgment of the Jefferson Circuit Court is, therefore, reversed, and the cause is remanded for proceedings consistent with the principles set out herein.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.