## McDANIEL v. HOBLIT*
(No. 1260; April 20, 1926; 245 Pac. 295.)

ATTORNEY AND CLIENT—NEGLIGENCE OF ATTORNEY—APPEAL AND ER-ROR—JUDGMENT—VACATION OF JUDGMENT—CHATTEL MORTGAGE—REPLEVIN—AMENDMENTS.

1. Generally client is chargeable with negligence of his attorney.

2. Decision of trial judge, in exercise of his discretion in passing upon motion to vacate judgment at same term stands, unless discretion is abused.

3. For trial court to grant motion to vacate default judgment at same term, based on movant's deprivation of opportunity to be heard on merits because of negligence of counsel, is not an abuse of discretion, if such action works no "prejudice to the rights of the other party," which means without loss to him other than such as may result from establishing the claim or defense of the party applying.

4. The Code does not authorize default judgment for mere failure to appear at trial.

5. In replevin to obtain possession for purpose of foreclosure of machinery sold to defendants, latter's general denial *held* sufficient to state defense.

6. Seller mortgagee, instituting replevin to recover machinery sold to defendants for purpose of foreclosing chattel mortgage, *held* not entitled to damages for defendants' use of property.

7. Bond given by plaintiff suing in replevin for possession of machinery, in order to foreclose it, stands in place of property to extent of defendants' interest, and property passes into exclusive possession and control of plaintiff.

8. Defendants *held* entitled to vacation of default judgment against them at same term, where record displayed certain irregularities.

9. Upon vacation by trial court of default judgment entered by it, it may use its sound discretion in refusing or permitting withdrawal or amendment of pleadings.

*See Headnotes—(1-3) 4 C J p. 839 n. 26, 27; p. 840 n. 33:  6 C J p. 672 n. 51:  34 C J p. 307 n. 81; p. 309 n. 86; p. 429 n. 79.  (4, 5) 11 C J p.596 n. 35 New:  34 C J p. 160 n. 15.  (6) 11 C J p. 598 n. 67 New.  (7) 34 Cyc. p. 1441 n. 4; p. 1458 n. 70.  (8, 9) 4 C J p. 841 n. 46:  34 C J p. 423 n. 32; p. 432 n. 18 New.

APPEAL from District Court, Crook County; HARRY P. ILSLEY, Judge.

Action by George McDaniel against J. T. Hoblit and others. A default judgment was entered against defendants, and they moved for its vacation. From an order denying their motion, defendants appeal.

*R. E. McNally*, and *Wakeman and Dolezal*, for appellants.

The court erred in refusing to vacate the default judgment; 15 R. C. L. 688; Bank v. Branden, (N. D.) 126 N. W. 102; the default was due to negligence of defendant's counsel; the court's refusal to vacate the default was unjust and an abuse of discretion; Douglas v. State Mine (Wash.) 83 Pac. 178; O'Toole v. Insurance Co., (Wash.) 82 Pac. 175; Trust Co. v. Jennings, (Ia.) 46 N. W. 1006; Harbers v. Tribley, 5 Ill. App. 411; Field v. Fowler, 62 Tex. 65; the affidavits in support of motion to vacate established facts upon which the motion should have been sustained; Berri v. Rogero, (Calif.) 145 Pac. 95; Petersen v. Koch, 81 N. W. 160; State v. Taylor, (Mo.) 206 S. W. 247; Shapiro v. Cordon, 170 N Y S 371; Taylor v. Pope, (N. C.) 19 A. S. R. 530; McGinnis v. Bailey, (Wyo.) 204 Pac. 340; Banse v. Wells, 186 Pac. 192; Grandy v. Co., 95 S. E. 914; appellants should not be made the victims of the inexcusable neglect and failure of defendant's counsel. The cause should be remanded with instructions to

vacate and set aside the judgment and give defendants an opportunity to join issue and try the cause on its merits.

*James T. McGuckin,* for respondent.

The case, strictly speaking, is not a "default" case; the issues were made up and the case was regularly on the trial docket upon an assignment for hearing; defendant's filed a motion to quash, which was overruled and thereupon filed their answer. They were represented by two attorneys, one of whom has since withdrawn from the case; on the day assigned for trial, plaintiff appeared with his witnesses and appellants failed to appear; the case proceeded and judgment was rendered; in reliance upon that judgment, plaintiff foreclosed his chattel mortgage and sold the property; appellants made no further move until January, 1924 when they filed their motion to vacate the judgment, which was overruled, and from that order they appeal; the motion did not show a meritorious defense; yet that is clearly required; McGinnis v. Beatty, (Wyo.) 204 Pac. 340; Tracy v. Fancher, 159 Pac. 496; they do not attempt to deny plaintiff's right to possession; if they had a counterclaim at the time of the motion, they have not urged it since; the vacation of a judgment is within the discretion of the trial court; upon the facts, it would have been an abuse of discretion if the motion to vacate had been sustained; Shearman v. Jorgensen, (Calif.) 39 Pac. 863; relying upon the judgment, plaintiff has changed his position so that the status quo cannot be restored; Savage v. Dinkler, 72 Pac. 366; acts and knowledge of the attorney are imputed to the client; Bigsby v. Eppstein, 135 Pac. 934; a party to litigation is bound to know the day fixed for setting cases for trial; Dusy v. Prudon, (Calif.) 30 Pac. 798; Oil Co. v. Conner, 162 Pac. 464; Stout v. Calver, 6 Mo. 254; the trial court was in position to know what the equities of the situation were, and made an express finding that there was no good reason

to vacate the judgment; we submit that the denial of motion to vacate was not an abuse of discretion.

KIMBALL, Justice.

This is a replevin action. The property is machinery and implements used in plowing. The plaintiff's interest was under a chattel mortgage to him as mortgagee from the defendants as mortgagors. The debt secured by the mortgage was $1500, evidenced by two notes for $750 each, one due December 1, 1923, and the other due December 1, 1924. The plaintiff's right to possession of the property, if he had that right, was for the purpose of foreclosing the mortgage. The petition and affidavit for replevin were filed, and the summons and writ of replevin (order for delivery) issued, on June 4, 1923, before either of the notes was due. The plaintiff in his petition claimed that the debt was due because the defendants, after the making of the notes and mortgage, had agreed that the notes should be paid in the spring of 1923 by plowing lands for the plaintiff, and that defendants had failed to keep that agreement. The plaintiff in his petition claimed further that the property was being handled so negligently by defendants that plaintiff felt unsafe and insecure, and, for that reason, was entitled to take the property under the mortgage and sell it to satisfy the debt. The prayer of the petition was for judgment for possession of the property and for $1000 "for the unlawful detention thereof," and costs.

The property was taken by the sheriff under the writ of replevin, and turned over to plaintiff on his giving bond. The defendants gave no bond for re-delivery, and the property was retained by plaintiff.

On August 11, 1923, defendants' motion to quash the summons and writ of replevin was denied and defendants given ten days to answer. In the time given the answer, a general denial, was filed.

Judgment in favor of plaintiff was entered October 1, 1923, the first day of the October term of the court in which the action was pending.. The judgment recites, among other things, that the matter came on regularly to be heard on the day last mentioned, one of the days of said term, "the plaintiff appearing in person and by his attorney, but the defendants, and each of them failing to appear although said above action was regularly reached and called at this term of court, the issues having theretofore been fully made up, and said defendants failing to appear after being thrice called in open court, they are hereby declared to be in default herein and their default is hereby entered." The judgment then recites that the court after inspecting the pleadings and hearing the evidence of plaintiff and his witnesses, finds generally in favor of the plaintiff; that at the commencement of the action, plaintiff was entitled to possession of the property which defendants unlawfully detained, and that "the value of the use of said property for the period the said property was so wrongfully detained by the defendants from the plaintiff was the sum of $500." In accordance with the findings plaintiff was awarded judgment for possession, $500 damages, and costs.

On January 8, 1924, at the same term at which the judgment was rendered, the defendants filed a motion with supporting affidavits for vacation of the judgment. After notice to plaintiff the motion was heard without any showing by plaintiff to controvert the statements contained in the affidavits, and on May 8, 1924, an order was made denying the motion. From that order the defendants appeal.

From the affidavits filed by defendants in support of their motion it appears that they had always intended to defend the action. They reside at Gillette, 80 miles from Sundance, the county seat of the county where the suit was pending. They employed Mr. R. E. McNally, of Sheridan, as their attorney. Sheridan is some 200 miles from

Sundance. Later, it being deemed advisable to have an attorney of Crook county to assist Mr. McNally, Mr. W. C. Carson, of Moorcroft, was employed for that purpose. Mr. Carson filed the motion to quash and the answer to which we have referred, but he was not present when judgment was rendered. It is charged that he failed to notify either Mr. McNally or defendants that the motion was overruled, or that an answer had been filed, or that the case was set for trial, or that judgment was entered. The foregoing is but a brief summary of the charges against Mr. Carson that are set forth in great detail in the affidavits. Other matters set forth in the motion and affidavits need not be noticed at this point and some of them need not be noticed at all.

The defendants do not give any excuse for the negligence charged against Mr. Carson, but on the other hand, assert that it was inexcusable and amounted to positive misconduct or, perhaps, fraud. Needless to say Mr. Carson did not represent the defendants in moving to vacate the judgment, and it does not appear that he has had any opportunity to deny or explain the charges made against him. Mr. McNally suggested that Mr. Carson ought to be required to appear and explain his actions, but it does not seem that this suggestion was acted on. Neither the defendants nor Mr. McNally knew of the judgment until a few days before the filing of the motion to vacate.

It is the general rule that a client is chargeable with the negligence of his attorney, but an examination of the cases cited in notes to Freeman on Judgments (5th ed.) Sec. 248 and 34 C. J. 309, shows that the rule is not always strictly enforced. In reviewing the action of a trial judge on a motion to vacate a judgment at the same term, we must bear in mind that he is exercising a discretion, and his decision must stand unless the discretion has been abused. A decision must depend on the facts of the particular case. Where, because of the negligence of his at-

torney, a client has been deprived of an opportunity to be heard on the merits, and makes prompt application at the same term for a vacation of the judgment, we do not think it would be an abuse of discretion for the trial judge to grant the relief if it can be done without prejudice to the rights of the other party. And by prejudice to the rights of the other party is meant, without loss to him other than such as may result from establishing the claim or defense of the party applying. Levy v. Joyce, 1 Bosw. 622. On the other hand, it would be only in exceptional cases that we should feel justified in saying that the trial judge had abused his discretion by holding the client chargeable with the negligence or mistake of his attorney.

In the case at bar it is unnecessary to say whether there was an abuse of discretion in holding that the defendants were chargeable with the alleged negligence or misconduct of Mr. Carson. It is also unnecessary to decide whether, on the showing made, the trial court might or should have held that the attorney's alleged conduct amounted to fraud. There are certain irregularities displayed on the record that give material aid to defendants' contentions and are perhaps sufficient in themselves to require a vacation of the judgment in order that defendants may have an opportunity to be heard on the merits of the case.

The defendants were declared to be in default though they had on file an answer which made it necessary for the plaintiff to support by proof every material allegation of the petition. The code does not authorize a default for a mere failure to appear at the trial. McGinnis v. Beatty, 28 Wyo. 328, 337. It is argued that the affidavits in support of defendants' motion did not show that they had a defense to the action. Without conceding that this was necessary in the circumstances (McGinnis vs. Beatty, supra) we are of opinion that the affidavits do show that the defendants were relying upon facts, provable under

the general denial, that would have defeated plaintiff's claim of the right to possession of the property. It was stated that the defendants were skilled mechanics; that they had kept the property in good state of repair and preservation, and that this was well known to plaintiff. This would seem to be a sufficient denial of plaintiff's allegation that the property had been so negligently handled as to cause him to feel unsafe and insecure. The defendants also state in their affidavits that the agreement to plow lands for plaintiff had nothing to do with the contract expressed in the notes and mortgage. If this was so, there was no default to entitle the plaintiff to possession of the mortgaged property.

There is nothing to show a foundation for the judgment for damages for the value of the use of the property. It is not contended that the plaintiff was entitled to use the property. His alleged right to possession was merely for the purpose of foreclosing his mortgage. Thompson v. Sheid, 39 Minn. 102; Klinkert v. Fulton, S. & M. Co., 113 Wis. 493, 502.

It is contended that the plaintiff will be prejudiced by a vacation of the judgment because, as stated in the briefs, the mortgage has been foreclosed, and the property cannot now be returned. The contention cannot be sustained. The property was taken by the plaintiff on his giving bond therefor, and under our decisions the bond stands in place of the property to the extent of defendants' interest, and the property passes into the exclusive possession and control of the plaintiff. Schlessinger v. Cook, 9 Wyo. 256, 265; Boswell v. Bank, 16 Wyo. 161, 208; Hunt v. Thompson, 19 Wyo. 523, 530.

In consideration of all the above matters it seems clear to us that the defendants have a right to a vacation of the judgment. In their motion for that purpose they ask that after the vacation of the judgment they be permitted to withdraw the motion and answer which they claim were

filed by Mr. Carson in violation of instructions to him, and that they be permitted to file such other motions and pleadings as they desire, including a counter-claim for damages. We see no necessity of making any order to cover this request. When the judgment is vacated the trial court may use its sound discretion in refusing or permitting the withdrawal or amendment of pleadings.

The order appealed from will be reversed, and the case remanded with instructions to vacate the judgment of October 1, 1923, and for further proceedings consistent with this opinion.

*Reversed and Remanded.*

POTTER, Ch. J., and BLUME, J., concur.