WOODALL, Justice.
GRE Insurance Group (“GRE”) petitions this Court for a writ of mandamus directing Judge Hugh Beaird to vacate an order striking GRE’s amended answer to a complaint filed against it by Glenda Galvin and others. We grant the petition.
This dispute began when an automobile operated by Glenda Galvin and also occupied by Timothy Galvin, Amanda Galvin, Megan Jamora, and Olivia Jamora was struck by an automobile operated by Jason Anderson. On May 21, 1999, Glenda Gal-vin and each of the occupants in her vehicle (hereinafter collectively referred to as “Galvin”) sued Anderson, seeking damages for personal injuries allegedly suffered in the accident.
On February 22, 2000, Galvin amended her complaint to seek underinsured-motorist benefits from GRE under a policy it had with Glenda Galvin. On May 23, 2000, Galvin moved for an “Entry of Default” against GRE, and requested a hearing to prove damages. An entry of default was made against GRE.[1] On June 20, 2000, without the knowledge or consent of GRE, Galvin settled her claims with Anderson, and released Anderson from further liability. On July 20, 2000, Galvin and Anderson filed a stipulation of dismissal, and on July 25, 2000, the trial court dismissed the action.[2] The same day, GRE answered the *390 complaint. On July 31, 2000, GRE moved to set aside the entry of default. Galvin did not oppose the motion to set aside, and, on August 2, 2000, the trial court granted the motion.
On August 15, 2000, GRE amended its answer, alleging that Galvin was “precluded from recovering underinsured motorist insurance benefits [because of her failure] to ... obtain [GRE’s] permission to settle with the underlying tortfeasor.” Galvin moved to strike the amended answer, alleging that she was not obligated to provide notice of a “potential settlement” while GRE was in default. “In fact,” she alleged, “since [GRE] was in default, [it] waived any rights to defend based upon anything that occurred while it was in default.”
On April 5, 2001, the trial court granted Galvin’s motion to strike GRE’s amended answer. The trial court’s order stated, in pertinent part:
“[T]he court is of the opinion that [Gal-vin’s] Motion to Strike defendant’s Amended Answer should be granted, since the settlement in this case occurred while [GRE] was in default, and, therefore, the cases of Lambert v. State Farm Insurance Co., 576 So.2d 160 (Ala.1991), and Overstreet v. Safeway [Insurance Co. of Alabama], 740 So.2d 1053 (Ala.1999), are not applicable in this situation, and furthermore, defendant .should, be estopped from taking advantage of its own dilatoriness and negligence .... ”
GRE -now seeks a writ of mandamus, directing the trial court to vacate that order.
“[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.” Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala.2001). See also Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989).
“[A] party may amend a pleading without leave of court ... at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.” ■ Ala. R. Civ. P. 15(a) (emphasis added). “ ‘[R]efusal of an amendment must be based on a valid ground,’ ” Ex parte Bailey, 814 So.2d 867, 869 (Ala.2001) (quoting Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975)) (emphasis omitted), such as “actual prejudice or undue delay.” Ex parte Thomas, 628 So.2d 483, 486 (Ala.1993).
Neither the facts nor the allegations in this case support a finding of undue delay or of prejudice. There was no undue delay, because GRE filed its amended answer soon after learning of Galvin’s settlement with Anderson. More specifically, Galvin and Anderson stipulated to the dismissal of the cause on July 20, 2000, and an order of dismissal was entered five days later. Galvin concedes that she did not notify GRE of the settlement and the release of Anderson before July 20. Apparently, GRE first learned of the settlement as a result of the dismissal order. Approximately 20 days later, on August 15, 2000, GRE filed the amended answer that is the subject of this petition. Thus, GRE’s amended answer was not untimely.
Galvin claims that she would be prejudiced if the amendment is allowed. In particular, she states: “Because ‘actual prejudice’ to the opponent of the amendment is a criterion to be considered when allowing or disallowing an amendment to the pleading, ... it bears mentioning the obvious: allowing the amendment effectively extinguishes Glenda Galvin’s claim against GRE, in all probability. How *391 much more prejudice could exist?” Brief of Respondent, at 14 (emphasis in original).
Galvin, however, misunderstands the meaning of “prejudice” in the context of the test for allowing amendments. “[I]t is obvious that an amendment, designed to strengthen the movant’s legal position, will in some way harm the opponent.” Cuffy v. Getty Ref. & Mktg. Co,, 648 F.Supp. 802, 806 (D.Del.1986). “In the context of a [Rule] 15(a) amendment, prejudice means that the nonmoving party ‘must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence ivhich it would have offered had the ... amendments been timely.’ ” Id. (Emphasis added.) (Quoting Heyl & Patterson Int’l v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir.1981).) “And by prejudice to the rights of the other party is meant, without loss to him other than such as may result from establishing the claim or defense of the party applying.” McDaniel v. Hoblit, 34 Wyo. 509, 515, 245 P. 295, 297 (1926)(em-phasis added). In other words, the defense asserted in the amended answer is not prejudicial, merely because it might constitute a meritorious defense to the plaintiffs claim.
Indeed, Galvin’s only arguments are addressed to the merits of GRE’s defense: Galvin does not dispute that she was contractually obligated to obtain GRE’s consent before she settled her claims against Anderson and released Anderson from further liability, and that she failed to do so. Nevertheless, she reasons, as did the trial court, that because GRE was in default it should be estopped to allege that Galvin had breached the notice provisions of the insurance contract as a defense to her claim for underinsured-motorist benefits.
This estoppel argument constitutes a substantive defense to GRE’s defense. Thus, it goes directly to the merits of Galvin’s claim against GRE. However, an amendment “should be denied on the merits ‘only if it asserts clearly frivolous claims or defenses.’ ” Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir.1999) (quoting Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir.1994), cert. denied, 513 U.S. 1198, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995)). “Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.” Id. See also Assam v. Deer Park Spring Water, Inc., 163 F.R.D. 400 (E.D.N.Y.1995) (“To sustain its right to amend the complaint, the plaintiff does not have to prove all the elements of the proposed claim; it is sufficient if plaintiff demonstrates there is some plausible basis in the record to support these claims.”); Tucker Leasing Capital Corp. v. Marin Med. Mgmt., Inc., 833 F.Supp. 948, 960 (E.D.N.Y.1993) (“ ‘[u]nless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend’ ”) (quoting Lerman v. Chuckleberry Publ’g, Inc., 544 F.Supp. 966, 968 (S.D.N.Y.1982), rev’d sub nom. Lerman v. Flynt Distrib. Co., 745 F.2d 123 (2d Cir.1984), cert. denied, 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985)).
Galvin concedes that GRE’s defense is not “clearly frivolous.” On the contrary, she states that “allowing the amendment effectively extinguishes [her] claim against GRE in all probability.” In Overstreet v. Safeway Insurance Co. of Alabama, 740 So.2d 1053 (Ala.1999), an action by insureds against their underinsured-motorr ist-insurance carrier, this Court affirmed a summary judgment in favor of the insurer, holding that the insurer was not obligated to pay benefits because the insured had *392 settled claims against the tortfeasor without the insurer’s consent.
At this stage of the litigation, of course, we express no opinion as to the merits of GRE’s lack-of-consent defense, or of Gal-vin’s estoppel theory. We conclude only that Galvin has failed to demonstrate prejudice, or any other ground for striking GRE’s amended answer. GRE is, therefore, entitled to the writ of mandamus, directing the trial court to vacate its order to the extent it granted Galvin’s motion to strike GRE’s August 15, 2000, amended answer.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.

. The date of the entry of default does not appear in the materials submitted to this Court.

. On August 16, 2000, an amended order dismissed the claims against Anderson only, allowing the claims against GRE to continue.