Liberty National Life Insurance Company ("Liberty National") petitions for a writ of mandamus directing the Clarke Circuit Court to permit Liberty National to amend its answer to the complaint filed against it by Thomas Deas. Liberty National seeks to add as an affirmative defense Alabama's 20-year rule of repose and contends that until our recent clarification of the rule of repose in Ex parte Liberty National LifeInsurance Co., 825 So.2d 758 (Ala. 2002),[1] Liberty National was justified in not asserting the rule as an affirmative defense and that it should have been allowed to amend its answer after we released our opinion in Ex parte Liberty National. We agree, and we grant the petition and issue the writ.
On June 1, 1958, Thomas Deas purchased a $5,000 whole-life policy from Liberty National. According to Deas, the policy was to be "paid up" in 20 years. Deas also alleges that on or about May 15, 1978, he received notice that his policy was in fact "paid up."
On December 22, 1978, a $3,000 loan was taken against the policy. Deas claims that he had nothing to do with the loan, and that he never received either the check Liberty National issued in his name or the $3,000. The check was cashed or deposited in December 1978. Deas alleges that he first learned in March 1999 that in 1978 a loan had been taken against his policy for $3,000 and had not been repaid, leaving only a small amount of value in the policy.
Deas sued Liberty National in the Clarke Circuit Court on February 13, 2001, alleging fraud, negligence, wantonness, and conversion. Each of Deas's claims is based upon allegedly wrongful actions of Liberty National that occurred on or before December 1978.
On April 3, 2001, Liberty National filed an answer; that answer did not include the rule of repose as an affirmative defense. On January 18, 2002, we released our decision in Ex parte Liberty National, which clarified the law on the rule of repose. On February 22, 2002, Liberty National filed a motion for a summary judgment, asserting for the first time the rule of repose as a defense to Deas's claims. Deas filed a response, arguing that, because the rule of repose is an affirmative defense,[2] it was deemed waived when Liberty National did not assert it in its answer.
At a March 20, 2002, hearing on the motion, Liberty National was granted a continuance so that it could reply to Deas's waiver argument. The next day, however, Liberty National filed a motion for leave to amend its answer to add the rule of repose as an affirmative defense. The trial court denied this motion on August 28, 2002. This petition followed.
A writ of mandamus, being a drastic and extraordinary remedy, will issue to correct a trial court's ruling regarding the amendment of pleadings only when it is shown that the trial court has exceeded its discretion. Rector v. Better Houses, Inc., 820 So.2d 75 (Ala. 2001). For the reasons below, we hold that the trial court exceeded its discretion in refusing to allow Liberty National to amend its answer. *Page 953 
Typically, if a party fails to plead an affirmative defense, that defense is deemed to have been waived. Robinson v. Morse, 352 So.2d 1355,1356 (Ala. 1977) (citing 5 Wright Miller, Federal Practice Procedure § 1278, pp. 339-52); see also Rule 8(c), Ala.R.Civ.P. However, there are exceptions to this rule, one of which is that an affirmative defense can be revived if a party is allowed to amend his pleading to add the defense. Piersol v. ITT Phillips Drill Div., Inc.,445 So.2d 559, 561 (Ala. 1984) (stating that "where no actual prejudice to the opposing party is shown, and no undue delay is demonstrated, a court may permit the amendment of the answer to include a defense of the running of the period of the statute of limitations, though Rule 8(c) of the Alabama Rules of Civil Procedure requires such a defense to be pleaded as an affirmative defense").
Rule 15(a), Ala.R.Civ.P., reflects Alabama's liberal policy in favor of allowing amendments to pleadings:
 "Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court's own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires. Thereafter, a party may amend a pleading only by leave of court, and leave shall be given only upon a showing of good cause. A party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within ten (10) days after service of the amended pleading, whichever period may be longer, unless the court orders otherwise."
However, the extent of the trial court's discretion in permitting amendments has not been precisely delineated and has been, at times, unclear.
We noted in Ex parte GRE Insurance Group, 822 So.2d 388, 390 (Ala. 2001), that under Rule 15 amendments to pleadings are to be "freely allowed" unless there exists some valid reason to deny them, such as "actual prejudice or undue delay":
 "`"[R]efusal of an amendment must be based on a valid ground,"' Ex parte Bailey, 814 So.2d 867, 869 (Ala. 2001) (quoting Stead v. Blue Cross-Blue Shield of Alabama, 294 Ala. 3, 6, 310 So.2d 469, 471 (1975)) (emphasis omitted), such as `actual prejudice or undue delay.' Ex parte Thomas, 628 So.2d 483, 486 (Ala. 1993)."
However, as evidenced by the placement of the phrase "freely allowed" in the text of Rule 15, that phrase applies only to those amendments sought "more than forty-two (42) days before the first setting of the case for trial." Rule 15, Ala.R.Civ.P. In that situation, a trial court has no discretion; it can deny a requested amendment only if there exists a "valid ground" for the denial, such as "actual prejudice or undue delay."Ex parte GRE Ins. Group, 822 So.2d at 390. In other words, the burden is on the trial court to state a valid ground for its denial of a requested amendment.
When, as here, the amendment is sought within the 42-day window, the trial court is free to deny a party leave to amend his or her pleading unless the party can demonstrate "good cause." Rule 15, Ala.R.Civ.P. The language of Rule 15 makes clear that upon a showing of "good cause" a trial court is not required to allow the amendment; after such a showing allowing the amendment becomes an option the trial court can choose. Id. (". . . and leave shall be given only upon a showing *Page 954 
of good cause") (emphasis added).[3] However, in light of the overarching liberal policy of allowing amendments under Rule 15, the appropriate way to view the request for leave to amend, if a party demonstrates "good cause," is as though the request had been brought more than 42 days before trial, when the trial court does not have "unbridled discretion" to deny the leave to amend, but can do so only upon the basis of a "valid ground" as stated above. Ex parte Bailey, 814 So.2d 867, 869
(Ala. 2001).
Here, there is no evidence of either actual prejudice or undue delay. The only possible prejudice to Deas stemming from allowing Liberty National to amend its answer that the parties have mentioned is the fact that Deas's claims might be extinguished. However, this fact, even if true, does not establish prejudice:
 "`[I]t is obvious that an amendment, designed to strengthen the movant's legal position, will in some way harm the opponent.' Cuffy v. Getty Ref. Mktg. Co., 648 F. Supp. 802, 806 (D.Del. 1986). `In the context of a [Rule] 15(a) amendment, prejudice means that the nonmoving party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely."' Id. . . . (Quoting Heyl Patterson Int'l v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981).) `And by prejudice to the rights of the other party is meant, without loss to him other than such as may result from establishing the claim or defense of the party applying.' McDaniel v. Hoblit, 34 Wyo. 509, 515, 245 P. 295, 297 (1926) (emphasis added [in Ex parte GRE Ins. Group]). In other words, the defense asserted in the amended answer is not prejudicial, merely because it might constitute a meritorious defense to the plaintiff's claim."
Ex parte GRE Ins. Group, 822 So.2d at 391 (some emphasis original; some emphasis added); see also Bracy v. Sippial Elec. Co., 379 So.2d 582, 584
(Ala. 1980) ("Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party.").
Given the state of the law on April 3, 2001, when Liberty National filed its original answer, Liberty National was justified in not including the rule of repose as an affirmative defense. As Liberty National correctly points out in its brief to this Court, the case ofOehmig v. Johnson, 638 So.2d 846 (Ala. 1994), provided Liberty National with a legitimate reason to believe that the rule of repose was not a viable defense. In Oehmig, 638 So.2d at 851, we stated in dicta that "the time for the rule of repose cannot run until there is at least constructive notice of a potential claim." Given Liberty National's apparent acknowledgment that Deas did not discover the problems with his policy until March 1999, the language from Oehmig precluded the use of the rule of repose as a defense. It was not until we clarified the law in Exparte Liberty National[4] that it *Page 955 
became obvious that the rule of repose could be a viable defense to Deas's claims. We hold that Liberty National has demonstrated that it had "good cause" for not including the defense in its initial answer.
When Liberty National filed its motion to amend its answer, a trial date had been set, and the motion was filed within 42 days of the trial date. That trial date was then continued indefinitely, and at the time the trial court ruled on Liberty National's motion, the case had not been reset for trial. Liberty National filed its motion to amend approximately two months after our decision in Ex parte Liberty National. However, there is no indication that this delay was unreasonable or troublesome, or that the amendment, if allowed, will cause any undue delay in the resolution of the case. Cf. Rector, 820 So.2d at 77-78 (holding that the trial court did not exceed its discretion in refusing to allow an amendment to a complaint sought 7 months after the original complaint was filed and within 30 days of the original trial date, where the plaintiff had all of the information necessary to amend her complaint from the outset of the action); Walker v. Traughber, 351 So.2d 917, 922
(Ala.Civ.App. 1977) (holding that the trial court did not exceed its discretion in denying a request to amend an answer to assert affirmative defenses where that request was made on the day the case was called for trial and where the requesting attorney had those defenses available to him from the outset of the action).
Clearly, then, had Liberty National's first response to our Ex parteLiberty National decision been to timely seek an amendment of its answer to add the rule of repose as an affirmative defense, it would have been entitled to do so. Furthermore, Liberty National's filing a motion for a summary judgment based on the rule of repose before asking for leave to amend its answer, while perhaps making denial of the summary judgment proper, does not in any way bar the trial court from allowing Liberty National to amend its answer, nor did it prejudice Deas.
Because we hold that Liberty National did demonstrate "good cause," and because we can find no evidence of actual prejudice or undue delay that would be caused by allowing Liberty National's requested amendment, we conclude that the trial court exceeded its discretion in denying Liberty National's motion for leave to amend. We issue the writ of mandamus and direct the trial court to grant Liberty National's motion for leave to amend its answer to include the rule of repose as an affirmative defense.
PETITION GRANTED; WRIT ISSUED.
SEE, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., and LYONS and JOHNSTONE, JJ., dissent.
[1] In Ex parte Liberty National, we discussed the history of the rule of repose and returned, through clarification, to the traditional meaning of the rule; namely, that "the 20-year period begins to run against claims the first time those claims could have been asserted, regardless of the claimant's notice of a claim." 825 So.2d at 764 (footnotes omitted).
[2] See Harkins Co. v. Lewis, 535 So.2d 104, 117 (Ala. 1988).
[3] A comparison of the language of Rule 15 — "and leave shall be given only upon a showing of good cause" — with the alternative phrase "and leave shall be given upon a showing of good cause" demonstrates the point.
[4] In Ex parte Liberty National, 825 So.2d at 764 n. 3, we abrogated the "constructive notice" statement from Oehmig:
 "This statement, which was not supported by citation to any authority, is inconsistent with the well-established understanding of the rule of repose described above. Furthermore, Oehmig was not decided on the basis of this incorrect statement; rather, Oehmig was decided on the basis that the rule of repose could not be used offensively (in a manner similar to the concept of adverse possession) `against one with valid record title by one who clearly does not have title' in order to divest the title owner of property. 638 So.2d at 850. For those reasons, the dicta from Oehmig does not control our decisions."