AAMCO Transmissions, Inc., petitions this Court for a writ of mandamus directing the Honorable Dan C. King III to transfer this case from the Bessemer Division to the Birmingham Division of the Jefferson Circuit Court. We deny the petition.
 Facts
In December 1999 Sylvia Milstead purchased a 1997 Ford Taurus automobile from Heart of Dixie Nissan, Inc., an automobile dealership in Bessemer. In January 2000, Milstead took the automobile to Dixie Nissan to repair a problem she was having with the car, which was hesitating and stopping abruptly and unexpectedly. Dixie Nissan sent the car to Swift Enterprises, an AAMCO Transmissions, Inc., franchisee, for repairs. According to the complaint filed in this case, in April 2000, *Page 287 
while Ashley Rosser was driving the automobile in Tuscaloosa County, the mechanical problem caused the automobile to hesitate and/or stop abruptly and unexpectedly; it drifted into an oncoming lane of traffic, where it collided with another automobile resulting in injury to the occupants of the automobile — Bryan Maddox, Sherry Maddox, and Christopher Maddox (hereinafter referred to collectively as "Maddox").
In April 2002, Maddox sued Dixie Nissan, AAMCO, and Ford Motor Company in the Bessemer Division of the Jefferson Circuit Court, alleging negligence, wantonness, breach of implied warranty, failure to warn, and negligent training and supervision and asserting a claim based on the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD").
In June 2002, AAMCO filed its answer to Maddox's complaint. Unlike Ford, which did raise an objection as to venue,[1]
AAMCO did not raise the issue of venue in its answer or in any responsive pleading filed before the answer.
In June 2003, AAMCO filed a motion to transfer the case to the Birmingham Division of the Jefferson Circuit Court. AAMCO maintained that venue in the Bessemer Division was improper in light of this Court's holding in Ex parte Walter Industries,Inc., 879 So.2d 547 (Ala. 2003), and that if the case was transferred to the Birmingham Division, the case "may eventually be consolidated with its companion case Rosser v. AAMCO[Transmissions, Inc.], presently pending therein."
Maddox opposed the motion to transfer, arguing that Ex parteWalter Industries was inapplicable to this case because Dixie Nissan's principal place of business is in Bessemer and the breach-of-implied-warranty claim alleged against Dixie Nissan arose within the territorial boundaries of Bessemer. Maddox further argued that because AAMCO was properly joined as a defendant, venue in the Bessemer Division was also proper as to AAMCO.
In November 2003, the trial court entered an order transferring this case to the Birmingham Division of the Jefferson Circuit Court. Maddox filed a motion to reconsider. Upon reconsideration, the trial court denied the motion to transfer, stating:
 "The court has reconsidered its granting of the motion to transfer and finds that
 "1. Ford Motor Company previously, on May 29, 2002, filed a motion to transfer venue, which was denied June 30, 2002, from which no mandamus or appeal was taken;
 "2. The plaintiffs allege the negligent acts that caused the accident were acts [performed] by the defendant Dixie Nissan in Bessemer;
 "3. Defendant Ford and the other defendants are properly joined in the Bessemer Division where venue is proper as to one of the defendants. The court therefore denies the motion to transfer."
 Standard of Review
"`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). This Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying *Page 288 
the motion for a change of venue. Ex parte Scott Bridge Co.,834 So.2d 79, 81 (Ala. 2002)."
Ex parte Perfection Siding, Inc., [Ms. 1021363, November 7, 2003] 882 So.2d 307, 309-10 (Ala. 2003).
 "`The question of proper venue for an action is determined at the commencement of the action.' Ex parte Pratt, 815 So.2d 532, 534 (Ala. 2001). `If venue is not proper at the commencement of an action, then, upon motion of the defendant, the action must be transferred to a court where venue would be proper.' Ex parte Overstreet, 748 So.2d 194, 196
(Ala. 1999). `A petition for a writ of mandamus is the appropriate means for challenging a trial court's refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court.' Ex parte Alabama Power Co., 640 So.2d 921, 922 (Ala. 1994). `In considering a mandamus petition, we must look at only those facts before the trial court.' Ex parte American Res. Ins. Co., 663 So.2d 932, 936
(Ala. 1995)."
Ex parte Walter Indus., 879 So.2d at 549.
 Legal Analysis
AAMCO contends that the trial court exceeded the scope of its discretion when it refused to transfer this case to the Birmingham Division of the Jefferson Circuit Court because, it says, this action did not arise within the Bessemer Division.
In its answer to AAMCO's petition for a writ of mandamus, Maddox maintains that by answering the original complaint without raising the defense of improper venue AAMCO waived any objection it might have to venue in the Bessemer Division.
In Ex parte Till, 595 So.2d 871, 872 (Ala. 1992), this Court stated:
"Rule 12(b) provides, in part:
 "`(b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue. . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.'
 "Rule 12(b), therefore, requires that a claim of `improper venue' be made in the responsive pleading or in a motion filed before the responsive pleading. A `responsive pleading' in regard to a complaint is an answer. See Rule 7. If a party fails to raise a Rule 12(b)(3) objection in the first responsive pleading or in a motion filed before that first responsive pleading, the objection is waived. There is an exception to that general rule, of course; a party can waive only an objection `"then available to him."' See Jerome A. Hoffman and Sandra Guin, Alabama Civil Procedure, § 4.82 p. 256 (1990). The exception provides that an objection to the venue of an action may be raised after an amended complaint is filed, if the impropriety of venue appears for the first time in the complaint as amended. Id. The exception to the general rule is not applicable here, because the facts giving rise to the defendant's venue objection did not arise for the first time upon the filing of the amendment. Consequently, the [defendant] did not timely file the motion for a change of venue. . . ."
Here, AAMCO admits that it did not raise the issue of improper venue in its answer; it maintains, however, that when it filed its answer to the amended complaint, it preserved its right to challenge venue. Because AAMCO did not object to *Page 289 
venue in its answer or in a motion filed before it filed its answer, AAMCO waived the objection unless it can establish that the alleged impropriety of venue appeared for the first time in the amended complaint. AAMCO, however, does not maintain or establish that its objection to venue in its amended answer was triggered because the impropriety of venue in the Bessemer Division was presented for the first time in the amended complaint. Therefore, AAMCO's venue objection does not fall within the exception to the general rule, and AAMCO's motion to transfer was not timely.
AAMCO further argues that Ex parte Walter Industries, which clarified the law regarding venue of actions in the Bessemer Division, makes its venue challenge viable. AAMCO relies on Exparte Liberty National Life Insurance Co., 858 So.2d 950 (Ala. 2003), to support its argument. In Ex parte Liberty National, this Court addressed a trial court's ruling regarding the amendment of pleadings after this Court has issued an opinion clarifying the law on the rule of repose. In Ex parte LibertyNational, the answer filed by the defendant did not include as an affirmative defense the rule of repose. Nine months after the defendant filed its answer, this Court issued an opinion clarifying the law on the rule of repose. Ex parte Liberty Nat'lLife Ins. Co., 825 So.2d 758 (Ala. 2002). The defendant moved for a summary judgment, asserting for the first time the rule of repose as a defense. The plaintiffs filed a response, arguing that because the rule of repose is an affirmative defense, the defendant had waived the defense by not asserting it in its answer. The defendant then filed a motion for leave to amend its answer to add the rule of repose as an affirmative defense. The trial court denied the motion. This Court held that because at the time the defendant filed its answer the law precluded the rule of repose as a defense and it was not until this Court issued its subsequent opinion that the rule of repose may have become a viable defense, the defendant demonstrated that it had "good cause" for not including the defense in its initial answer. Thus, this Court held that the trial court had exceeded the scope of its discretion by refusing to grant the defendant leave to amend its answer.
This case, however, is easily distinguishable from Ex parteLiberty National, 858 So.2d 950. First, AAMCO did not move to amend its answer as a result of this Court's holding in Ex parteWalter Industries. Second, although this Court acknowledged inEx parte Walter Industries that the issue whether venue in the Bessemer Division is proper in a case where the cause of action arose outside Jefferson County had not been previously addressed, the caselaw did not preclude the viability of a venue objection on this ground. Lastly, AAMCO makes no attempt to demonstrate that it had "good cause" for not including the defense in its initial answer. Consequently, AAMCO has waived its venue objection in this late stage of the proceedings.
Because AAMCO waived its objection to venue, we pretermit any discussion of where venue is proper in this case.
 Conclusion
Based on the foregoing, the trial court did not exceed its discretion in denying AAMCO's motion to transfer this case. AAMCO has not established a clear legal right to the relief sought; therefore, the petition is denied.
PETITION DENIED.
NABERS, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
[1] Ford's motion for a change of venue was denied. *Page 290